IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1096-BO-KS

| | | |
|---|---|---|
| KARLA KORNEGAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ONSLOW COUNTY, DUPLIN COUNTY, | ) | |
| CINDY CASTEEN, MIKKI WHITE, | ) | |
| KIMBERLY BRIGGS, ALLYSON | ) | |
| THOMPSON, BAILEY MILLER, KATIE | ) | |
| Q. HARRELL, SCOTT RIZZO, GEORGE | ) | |
| S. TOLLEY III, JA'NET GARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on three motions to dismiss filed by various defendants and plaintiff's motions to redact and seal her home address, to seal home address and provide alternative mailing address, for extension of time, to direct service of complete operative complaint, and to amend/correct. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition.

BACKGROUND

On December 2, 2024, plaintiff commenced this action by filing a complaint against Kimberly Briggs, Mikki White, and Cindy Casteen and a motion to proceed *in forma pauperis*. [DE 1]; [DE 2]. Plaintiff alleged civil rights claims against these defendants arising from the administration of her father's estate in Onslow County, North Carolina. On July 9, 2025, plaintiff commenced a second action in this Court, No. 7:25-cv-1295-BO-BM, against Cindy Casteen, Ja'Net Garrett, Scott Rizzo, and unnamed Onslow County estate/probate officials. Plaintiff again

alleged civil rights claims arising from the administration of her father's estate. *See* No. 7:25-cv-1295-BO-BM [DE 1]. On September 10, 2025, plaintiff moved to consolidate her two cases. By order entered November 19, 2025, the Court granted plaintiff's motions to proceed *in forma pauperis* and her motion to consolidate her two cases, designating No. 7:24-cv-1096 as the lead case in which all future filings should be made. [DE 6]. The Court further ordered plaintiff to file a consolidated complaint which encompassed all of her claims against each defendant. *Id.*

Plaintiff timely filed two documents which appear to comprise her consolidated, amended complaint. [DE 7], [DE 8]. The first filing, [DE 7], contains a document titled "Notice of Filing Supplemental Amendment" and lists the following defendants: Onslow County, Duplin County, Cindy Casteen, Mikki White, Kimberly Briggs, Allyson Thompson, Bailey Miller, Katie Q. Harrell, Scott Rizzo, George S. Tolley III, and Ja'Net Garrett. Plaintiff alleges seven claims for relief and her filing includes exhibits in which she provides case and statute citations, a timeline of key events, her own affidavit, and a summary of the damages she is seeking. *Id.*

Plaintiff's claims arise from a dispute concerning her father's estate, *In the Matter of the Estate of Johnie Lee Kornegay,* 2015-E-705. *See* [DE 7] ¶ 1; [DE 1-1] at 20. Plaintiff was appointed executor of the estate and plaintiff's sister, Ja'Net Garrett, was assigned as alternate executor. [DE 7] ¶ 23. Plaintiff complains that she was discharging her duty as executor by reporting alleged exploitation of her elderly father, that filings were either delayed or not docketed, and that the estate file was transferred to Duplin County without a hearing or prior notice. *Id.* ¶¶ 26-30; 42-44.

Plaintiff alleges that, on May 8, 2025, Superior Court Judge Augustus Willis IV entered an order which confirmed plaintiff's appointment as executor on her filing of a routine, $15 estate fee. *Id.* ¶¶ 33-36. Plaintiff also alleges that she failed to pay the required fee over multiple years because her repeated attempts to pay the fee were rejected by Onslow County personnel, and that

2

the estate fee was eventually paid by defendant Scott Rizzo, Garrett's attorney, on Garrett's behalf. *Id.* ¶¶ 37-41.

Plaintiff was formally discharged as executor of the estate on July 31, 2025, when Duplin County Clerk of Superior Court, defendant Harrell, in compliance with the 8 May 2025 order, ordered Garrett to file an accounting. [DE 19] at 21-22. Defendant Garrett was confirmed as executor of the Johnie Kornegay estate and plaintiff was discharged as the executor by order of defendant Harrell entered on August 28, 2025. *Id.* at 23-25. Defendant Harrell's order was reaffirmed by an order entered on October 9, 2025, by Judge Quintin McGee. *Id.* at 26-27. Plaintiff alleges that Judge McGee's order contains inaccurate information. [DE 7] ¶¶ 62-64.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1985 for civil conspiracy, and under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). Plaintiff alleges that her Fourteenth Amendment due process rights were deprived by defendants when they rejected or failed to file plaintiff's motions and other filings, rejected and returned plaintiff's $15 fee, failed to give plaintiff prior notice before transferring the proceeding to Duplin County, conducted a hearing-like proceeding on August 28, 2025, without summons or authority, relied on "fabricated time of day and false renunciation narratives", entered judicial orders while plaintiff's motions were pending, and ignored Judge Willis's 8 May 2025 order. *Id.* at 17. Plaintiff alleges that defendants deprived her of equal protection in violation of the Fourteenth Amendment by treating her differently from similarly situated individuals and basing such disparate treatment on animus, favoritism, and improper collusion. *Id.* Plaintiff alleges that defendants Rizzo, Tolley, and Garrett conspired with Onslow and Duplin County officials to deprive plaintiff of her constitutional rights under § 1983 and that defendants further conspired to interfere with plaintiff's civil rights in violation of 42

3

U.S.C. § 1985. *Id.* at 18. Finally, plaintiff alleges a claim under *Monell* against Onslow and Duplin Counties, contending that the counties maintained policies, customs, and practices which violated her constitutional rights by failing to maintain accurate records, permitting Clerk's Office staff to reject filings, ignoring court orders, and permitting unauthorized persons appear as counsel of record. *Id.* at 19.

Attached to the Notice of Filing Supplemental Amendment is a "Supplemental Amendment" regarding a Camp Lejeune Justice Act claim filed by Ja'Net Garrett on behalf of the estate. [DE 7-1]. This document also appears to have been filed separately on the docket at [DE 8]. The docket text for [DE 8] identifies it as an amended complaint. Plaintiff returned summonses to the Clerk for issuance, and the US Marshals Service (USMS) effected service pursuant to plaintiff's summonses. It appears that defendants were served with a copy of [DE 8], the Supplemental Amendment, and not what appears to be plaintiff's full amended complaint, [DE 7]. Service was effected by the USMS on all defendants with the exception of defendant Garrett. *See* [DE 12]; [DE 13]; [DE 27]; [DE 26]; *but see* [DE 44].

Certain defendants have filed motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. [DE 18]; [DE 33]; [DE 38]. Plaintiff was provided notice of her right to respond to the motions to dismiss and has filed oppositions. As noted above, plaintiff has also filed several motions related to redacting her home address from the docket, [DE 21]; [DE 22], to direct service of the amended complaint and allow additional time for service, [DE 29]; [DE 42]; [DE 47], and to amend her amended complaint. [DE 43].

DISCUSSION

I. <u>Motions to redact plaintiff's home address</u>

4

Plaintiff seeks to redact and seal her home address from the public docket, to permit substitution of a P.O. Box or mailing address, and to be permitted to provide an alternative mailing address to the Court under seal. Rule 5.2 of the Federal Rules of Civil Procedure provides that upon a showing of good cause a court may require redaction of case information. Fed. R. Civ. P. 5.2(e)(1). Good cause under Rule 5.2(e)(1) may exist where the security and privacy concerns of a party outweigh the public's interest in access to judicial records. *Feinberg v. Cintron*, No. CV GLR-24-1957, 2024 WL 6084698, at *1 (D. Md. Dec. 11, 2024) (citation omitted).

Here, plaintiff has failed to demonstrate good cause. Plaintiff states generally that she has previously been required to seek protective orders due to harassment and safety concerns. Plaintiff has failed, however, to identify any specific privacy or safety concern associated with disclosure of her address. *See, e.g., Feinberg,* 2024 WL 6084698, at *1 (noting that participation in a state confidentiality program supports redaction of a party's address from court's electronic filing system); *Reaves v. Jewell*, Civil Action No. DKC-14-2245, 2014 U.S. Dist. LEXIS 165542, at *5 (D. Md. Nov. 26, 2014) (redacting plaintiff's home address, personal email, and phone number where plaintiff demonstrated that release of this information could subject him to harassment due to his status has a law enforcement officer); Section V(G)(1) of the Policy Manual.

To the extent plaintiff requests that the Court permit her to substitute a P.O. Box or alternate mailing address for her filings, plaintiff is freely permitted under this Court's Local Civil Rules to provide the Court with an updated address. *See* Local Civil Rule 83.3. Plaintiff's requests to redact and seal her home address [DE 21]; [DE 22] are denied.

II. <u>Motions to dismiss</u>

A. Defendants Briggs, White, Casteen, Miller, Thompson, and Harrell

5

Defendants Briggs, White, Casteen, Miller, Thompson, and Harrell have moved to dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. They argue first that the Court lacks subject matter jurisdiction over plaintiff's claims and personal jurisdiction over the moving defendants. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.* Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Plaintiff has alleged that defendant Casteen is the Onslow County Clerk of Superior Court, that defendants White and Briggs are Assistant Clerks in the Onslow County Clerk's Office, that defendants Thompson and Miller are Deputy Clerks of Superior Court in Onslow County, and that

6

defendant Harrell is the Duplin County Clerk of Superior Court. *See* [DE 7] at 7-8. Each of these defendants has been named in both their official and individual capacities.

As the moving defendants argue, the Eleventh Amendment bars plaintiff's claims against them in their official capacities, as such claims are, at bottom, suits against the State of North Carolina itself. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the state itself but also to suits where "one of [the state's] agencies or departments is named as the defendant[,]" as well as where state officers are sued in their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984). The Eleventh Amendment bars suit in federal court regardless of the nature of the relief that is sought, *id.* at 100, unless one of the limited exceptions, such as waiver or abrogation, applies. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Seminole Tribe v. Florida*, 517 U.S. 44, 55-56 (1996).

Where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer and any suit against her is a suit against the state, which is barred by the Eleventh Amendment absent waiver or abrogation by Congress. *See* N.C. Gen. Stat. §§ 7A-40; 7A-240; *see also Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989) (suit against clerk of court "in his official capacity is clearly one against the state of North Carolina."); *Alford v. Mecklenburg Cnty. Clerk of Superior Ct.*, No. 3:19-CV-156-MOC-DSC, 2019 WL 2881556, at *3 (W.D.N.C. July 2, 2019) (clerk of court not subject to suit in her official capacity as to § 1983 and § 1985 claims based on Eleventh Amendment immunity); *Day v. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 13735398, at *6 (E.D.N.C. Oct. 7, 2015) ("Eleventh Amendment immunity bars any claims against the defendant assistant district attorneys, judges, and clerk of

7

court in their official capacities."), *report and recommendation adopted in part sub nom. Day v. A.T. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 7306447 (E.D.N.C. Nov. 19, 2015). Plaintiff has not identified any waiver or abrogation of the state's Eleventh Amendment immunity for her claims. *See, e.g., In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993) (long settled that § 1983 does not abrogate Eleventh Amendment immunity). And finally, plaintiff seeks only retrospective relief from these defendants, and thus her claims do not fall under the *Ex Parte Young* exception to Eleventh Amendment immunity. *See Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998).

Next, the moving defendants argue that the *Rooker-Feldman* doctrine bars plaintiff's claims against them. The *Rooker-Feldman* doctrine prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, plaintiff asks this Court to declare that Judge Willis's 8 May 2025 order is valid and binding, that plaintiff is the lawful executor of her father's estate, and that the Superior Court's actions on 28 August 2025 and 6 October 2025 are void. [DE 7] at 19-20. Plaintiff further seeks injunctive relief requiring the state courts to correct their records to list plaintiff as executor, remove any entries which list Garrett as executor, prevent the clerks from rejecting or refusing plaintiff's filings, and prevent interference with plaintiff's role as executor.

This is precisely the kind of relief that the *Rooker-Feldman* doctrine prevents. In essence, plaintiff filed her claims in her amended complaint after entry of the state orders removing her as executor, alleging that those orders are void and asking this Court to prevent their enforcement. *See T.M. v. Univ. of Maryland Med. Sys. Corp.*, 139 F.4th 344, 349-50 (4th Cir.), *cert. granted,*

146 S. Ct. 878 (2025), *and aff'd*, 146 S. Ct. 1739 (2026). For plaintiff to be successful on her claims, this Court would be required to sit in review of the state court's decisions. This it cannot do. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020).

Finally, the moving defendants are entitled to judicial immunity, and the claims against them are appropriately dismissed pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). Complaints filed by *pro se* parties are to be construed liberally, but that "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Clerks of court and their assistants, who, under North Carolina law have authority to perform judicial acts with respect to probate matters, are entitled to quasi-judicial immunity. N.C. Gen. Stat. § 7A-40, *Arroyo v. Zamora*, No. 3:17-CV-721-FDW-DCK, 2018 WL 1413195, at *3 (W.D.N.C. Mar. 21, 2018); *Sullivan v. Cannady*, No. 7:12-CV-69-D, 2012 WL 4829616, at *4 (E.D.N.C. Oct. 10, 2012). Though plaintiff argues in her opposition that the moving defendants are not entitled to quasi-judicial immunity because they engaged in acts outside their jurisdiction

9

and their actions were ministerial not quasi-judicial, plaintiff's arguments fail. "It is well-settled that court clerks are accorded derivative absolute immunity when they act in obedience to a judicial order or under the court's direction." *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 552 (E.D.N.C. 2013). In sum, the moving defendants are entitled to absolute quasi-judicial immunity for plaintiff's claims against them.

Accordingly, the motion to dismiss by defendants Briggs, White, Casteen, Miller, Thompson, and Harrell is granted.

B. Tolley & Rizzo

Defendants Tolley and Rizzo are private attorneys who were involved in the underlying estate proceedings in some fashion. *See* [DE 7] at 8-9. They have each moved to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). Both defendants were served by the USMS with a copy of [DE 8], or the Supplemental Amendment concerning the Camp Lejeune Justice Act claim filed on behalf of the estate. Both defendants argue that they are not referenced at all in the Supplemental Amendment with which they were served, and plaintiff has thus failed to state a claim against them. Both defendants also argue that service of process against them was improper. *See, generally,* [DE 34]; [DE 39].

The Court agrees that, as they were served only with [DE 8], defendants were not served with the complete operative complaint in this case. However, because plaintiff was permitted to proceed *in forma pauperis*, and the USMS was provided with only [DE 8] to effect service, the Court is not inclined to dismiss plaintiff's claims against these defendants for insufficient service of process.

D. *Sua sponte* 28 U.S.C. § 1915 review

However, as plaintiff proceeds *in forma pauperis*, the Court is permitted to conduct a review of plaintiff's claims against the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). As discussed above, plaintiff brings claims under 42 U.S.C. § 1983 and § 1985 against these defendants. Plaintiff also brings a claim for alleged fraud against Garrett in her Supplemental Amendment.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The requirement that the conduct must have been committed by a person acting under color of state law "is synonymous with the more familiar state-action requirement – and the analysis for each is identical." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). State action is present where a private person's conduct is "fairly attributable to the State." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (quoting *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006). "[M]erely private conduct, no matter how discriminatory or wrongful, fails to qualify as state action." *Philips*, 572 F.3d at 181 (cleaned up).

> Determining whether certain conduct qualifies as state action is not "a simple line between States and people operating outside formally governmental organizations." Instead, the analysis requires "normative judgment" that examines the "totality of the circumstances" to determine whether "a sufficiently close nexus" exists between the private conduct and the state.

*Caudill v. N. Carolina Symphony Soc'y, Inc.*, 750 F. Supp. 3d 531, 559–60 (E.D.N.C. 2024) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001), and *Davison*, 912 F.3d at 679-80).

Here, plaintiff alleges that defendants Rizzo, Tolley, and Garrett conspired with Duplin and Onslow County officials to deprive her of her constitutional rights, and that they did so by

11

fabricating conduct that never occurred, misrepresenting process-agent status and timing, manipulating records, and acting jointly to ignore Judge Willis's 8 May 2025 order. Plaintiff's allegations in which would support a finding of state action on the part of two attorneys and her sister are speculative and conclusory. While a private person who "willfully participate[s] in joint action with a state official" can act under color of law for purposes of § 1983, the plaintiff must show that that private person engaged in a conspiracy with the state actors, and such a showing "is a weighty burden." *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) (internal quotations and citations omitted). Plaintiff has failed to plausibly allege a § 1983 conspiracy between any of the private defendants and the governmental actors. *See id.* (plaintiff alleging conspiracy must allege "more than parallel conduct and a bare assertion of conspiracy.") (citation omitted). At most, plaintiff alleges parallel conduct. Accordingly, plaintiff has failed to state a plausible § 1983 claim against Rizzo, Tolley, or Garrett.

The Court next considers whether plaintiff has plausibly alleged a claim for conspiracy under § 1985. Unlike a claim for conspiracy under § 1983, a § 1985 conspiracy claim has no requirement that a defendant acted under state law. *Sines v. Kessler*, 324 F. Supp. 3d 765, 780 (W.D. Va. 2018). A plaintiff must nonetheless plausibly allege the following elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)).

Plaintiff's allegations in support of her § 1985 conspiracy claim cite no specific class-based discriminatory animus. Plaintiff alleges that defendants conspired to deprive her of property and liberty interests, access to courts, the benefit of a court order, and to redirect control of her father's estate to Garrett and her attorneys. Plaintiff has failed to plausibly allege the existence of any discriminatory animus on behalf of any of the defendants. Plaintiff has failed to plausibly allege a § 1985 conspiracy claim.

In her supplemental amendment, plaintiff alleges that Garrett's actions in filing a Camp Lejeune Justice Act claim on behalf of the Johnie Kornegay Estate constitutes fraud on the government in violation of 18 U.S.C. §§ 1001, 287, and 1343 because Garrett is not a proper executor of the estate. *See* [DE 8]. There is no private right of action under any of the statutes plaintiffs cites, and these claims therefore fail. *See McCallum v. Kannapolis Police Dep't*, No. 1:25CV171, 2025 WL 2782529, at \*5 (M.D.N.C. June 27, 2025), *report and recommendation adopted*, No. 1:25-CV-171, 2025 WL 2781762 (M.D.N.C. July 31, 2025); *LaNier v. LaNier*, No. 7:22-CV-00075-M, 2024 WL 4219299, at \*7 (E.D.N.C. Aug. 23, 2024), *report and recommendation adopted,* No. 7:22-CV-00075-M-BM, 2024 WL 4217914 (E.D.N.C. Sept. 17, 2024).

Finally, the Court considers plaintiff's claim under *Monell.* First, plaintiff failed to cause summons to issue for either Onslow County or Duplin County, and the time for effecting service on defendants has passed. *See* Fed. R. Civ. P. 4(m). Moreover, plaintiff's *Monell* claim is at best conclusory. Under *Monell*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. 436 U.S. at 690–94. Liability is limited, however, and is not available on a *respondeat superior* theory. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Municipal liability results only "when execution of a government's policy or custom,

13

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell*, 436 U.S. at 694. "*Monell* claims have three essential elements: (1) identification of a specific 'policy or "custom'; (2) attribution of the policy, and fault for its creation, to the municipality; and (3) an 'affirmative link' between an identified policy or custom and a specific rights violation." *Paylor v. Baltimore Police Dep't*, No. 1:24-CV-02746-JRR, 2025 WL 2306236, at *6 (D. Md. Aug. 11, 2025) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987)).

Plaintiff alleges that the counties maintained policies, customs, and practices which were the moving force behind her injuries, such as failing to maintain accurate records, ignoring judicial orders, and allowing unprofessional behavior in interactions with citizens. These conclusory allegations fall short of the pleading standard. Plaintiff's *Monell* claim is properly dismissed.

III. Requests for re-service and motion to amend

In light of the foregoing, the Court finds that granting leave to effect service and proper service of the amended complaint would serve no purpose. Plaintiff's motions to do so [DE 29]; [DE 42]; [DE 47] are therefore denied. Finally, the Court considers plaintiff's request to amend her complaint. Plaintiff recites that leave to amend should be freely given, *see* Fed. R. Civ. 15(a)(2), but she has failed to file a proposed second amended complaint for the Court's consideration. While plaintiff contends that she can provide additional details regarding defendants' knowledge of the 8 May 2025 order, participation in later proceedings, procedural irregularities, and how these actions affected plaintiff's federally protected rights, *see* [DE 43] at 6, none of this factual enhancement would cause plaintiff's claims to be plausible rather than speculative. Plaintiff has further proffered no additional allegations which would tend to show that the Clerk of Court defendants are not immune from suit, that the *Rooker-Feldman* doctrine does

14

not preclude her claims, or that she has otherwise stated a claim against the individual defendants. Plaintiff's request for leave to amend is therefore denied.

CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motions to redact and seal her home address [DE 21]; [DE 22] are DENIED. The motion to dismiss by Briggs, White, Casteen, Miller, Thompson, and Harrell [DE 18] is GRANTED. Plaintiff's claims against these defendants are DISMISSED without prejudice for lack of subject matter jurisdiction. In the alternative, they are DISMISSED with prejudice for failure to state a claim.

The motions to dismiss by Tolley and Rizzo [DE 33]; [DE 38] are DENIED without prejudice as MOOT. Plaintiff's claims against Tolley, Rizzo, and Garrett are hereby DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Plaintiff's claims against these defendants are DISMISSED with prejudice.

Plaintiff's motions for extension of time [DE 29]; [DE 47], to direct service [DE 42], and to amend/correct [DE 43] are DENIED.

The Clerk is DIRECTED to enter judgment in favor of defendants and to close this case. The Clerk is further DIRECTED to enter this order and accompanying judgment in the companion case, No. 7:25-cv-1295-BO-BM.

SO ORDERED, this **2-3** day of July 2026.

Terence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE